IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 3 2006

JAMES N. HATTEN Clerk
By: _____ Deputy Clerk

BETH ADKINS, Individually and
as Personal Representative of
the Estate of Melvin Kornegay,
III, deceased,

        Plaintiff,

v.

MELVIN KORNEGAY, JR., EDWARD F.
MCLEAN, SR., KREE--J HOME
BUILDERS, LLC, BRIAN LESAGE,
ROBERT SHORTS, SR., PAUL L.
PHILLIPS, CRAIG L. WALTERS, and
DALE GARRETT,

        Defendants.

CIVIL ACTION NO.

1:04-CV-2207-JEC

## ORDER AND OPINION

    This case is presently before the Court on defendant Edward
McLean's Motion for Summary Judgment [114].  The Court has reviewed
the record and the arguments of the parties and, for the reasons set
out below, concludes that defendant McLean's Motion for Summary
Judgment [114] should be **GRANTED.**

## BACKGROUND

This diversity action[1] arises from an accident involving plaintiff's son, Melvin Kornegay, III ("Melvin"). On August 3, 2002, Melvin was with his father, defendant Melvin Kornegay, Jr. ("Kornegay"), visiting Kornegay's friends and co-defendants, Lesage and Shorts. (Compl. [1] at ¶ 14; Pl.'s Br. in Response to Def. McLean's Mot. for Summ. J. ("Pl.'s Br.") [115] at 2.) After drinking several beers, and smoking marijuana, Kornegay took Melvin for a ride on an all-terrain vehicle ("ATV") owned by co-defendant Phillips, Walter, Garrett, or LeSage. (Compl. at ¶ 19; Pl.'s Br. at 1.)

During the ATV ride, Kornegay drove onto property owned by defendant McLean, and attempted to jump a mound of dirt located on McLean's property.[2] (Id. at ¶ 31; Pl.'s Br. [115] at 2.) The ATV flipped, resulting in Melvin's injury and death. (Compl. [1] at ¶¶ 16-17.) McLean was not present at the time of the accident, and had not given Kornegay permission to be on his property. (McLean Dep. at 27, 43.) McLean also was not responsible for creating the dirt

_____

[1] The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00. (Compl. [1] at ¶¶ 1, 5-12.)

[2] Plaintiff originally asserted that the property was owned by defendant Kree-J Home Builders, LLC. (Compl. [1] at ¶ 31.) The parties subsequently determined that Kree-J did not own the property at the time of the accident, and plaintiff dismissed Kree-J with prejudice. (Stipulation of Dismissal [111].)

AO 72A
(Rev.8/82)

mound.   (*Id.* at 46; McLean Aff. [114] at ¶ 2.)   A county road crew placed the dirt on McLean's property while cleaning out a ditch a week prior to the accident.   (*Id.*)

After the accident, plaintiff filed this action, asserting various negligence claims individually and in her capacity as personal representative of Melvin's estate.   (Compl. [1].) Specifically, plaintiff alleges that defendant Kornegay negligently operated the ATV while intoxicated and drugged, and that defendants Shorts and LeSage contributed to the negligence by encouraging his intoxication and permitting him to operate the ATV in an impaired state.   (*Id.* at ¶¶ 16-17, 24-28.)   Plaintiff asserts that defendants Phillips, Walters, Garrett, and LeSage negligently entrusted Kornegay with the ATV.   (*Id.* at ¶¶ 19-22.)

As to defendant McLean, plaintiff contends that the mound of dirt on McLean's property constituted an attractive nuisance, and that McLean failed to exercise reasonable care to prevent foreseeable risks created by the dirt.   (*Id.* at ¶¶ 31-34.)   McLean has filed a motion for summary judgment on plaintiff's claims, which is presently before the Court.   (Def. McLean's Mot. for Summ. J. [114].)

### DISCUSSION

### I.   Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."" FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the

4

district court--that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.   After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324.   While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986).

## II.   Defendant McLean is entitled to summary judgment.

The parties do not dispute the facts central to plaintiff's claim against McLean.   McLean admits that he owns the property that was the site of the accident, and that the property contained a large mound of dirt.   (McLean Dep. at 11, 44-46.)   The parties agree that a county road crew put the dirt on McLean's property about a week before the accident, and that McLean knew the dirt was there. (McLean Aff. at ¶¶ 2; Pl.'s Br. at 2.)   McLean contends that he is entitled to summary judgment because he did not owe any duty of care to Melvin and his father, who were trespassing on his land at the time of the accident.

Generally, a landowner owes no duty to a trespasser except to avoid "willfully or recklessly injur[ing] him." *Harrison v. Plant Improvement Co., Inc.,* 273 Ga. App. 884, 886, 616 S.E.2d 123, 125 (2005) (citing *Trammell v. Baird,* 262 Ga. 124, 125, 413 S.E.2d 445 (1992)). Plaintiff does not dispute that Melvin and his father were trespassing on McLean's property at the time of accident, and there is no evidence in the record that McLean willfully or recklessly injured Melvin. (*See* McLean Dep. at 27, 43; Pl.'s Br. at 2.) In support of her claim against McLean, plaintiff relies on the attractive nuisance doctrine, which creates an exception to the general trespasser rule in certain limited situations involving children. (Compl. [1] at ¶¶ 31-34.)

Courts originally developed the attractive nuisance doctrine, sometimes called the turntable doctrine, in cases involving children injured while playing with railroad turntables. *Starland Dairies, Inc. v. Evans,* 105 Ga. App. 813, 814, 125 S.E.2d 682, 683 (1962). The function of the doctrine is to "remove an infant trespasser from the law applicable to trespassers generally," and to impose on a landowner a duty to exercise ordinary care with respect to trespassing children where the landowner should have "foreseen that harm would result to an infant trespasser whose presence he should have anticipated." *Gregory v. Johnson,* 249 Ga. 151, 154, 289 S.E.2d 232, 234 (1982). *See also, Nesmith v. Starr,* 115 Ga. App. 472, 475,

6

155 S.E. 2d 24, 27 (1967) (discussing the origins of the attractive nuisance doctrine).

In *Gregory,* the Georgia Supreme Court adopted § 339 of the Second Restatement of Torts, clarifying the elements of the attractive nuisance doctrine under Georgia law. *Id.* at 154, 234. Section 339 provides:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk of the children involved, and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect the children.

*Id.* Under § 339, the attractive nuisance doctrine is not applicable to this case for several reasons.

First, there is no evidence in the record that McLean knew or

7

had reason to know that children were likely to trespass on his property. He posted "No Trespassing" signs along the property frontage, put locked chains across the roads leading onto his property, and asked his neighbors to keep their kids off his property. (McLean Dep. at 36-42; McLean Aff. at ¶ 5.) His undisputed testimony is that, although he has had some problems with trespassing hunters, he has never observed any children trespassing on his property. (McLean Dep. at 38-39, 41-42.) *See Bartlett v. Moffett,* 247 Ga. App. 749, 545 S.E. 2d 329 (2001)(upholding summary judgment on attractive nuisance claim where there was no evidence that homeowner should have known that child would enter the shed where he was injured).

Further, there is no evidence that the dirt created an unreasonable risk of death or serious bodily harm to children. The attractive nuisance doctrine does not apply to "commonplace" risks that are "normally understood by children." *Gregory,* 249 Ga. at 154, 289 S.E. 2d 234-35. For example, courts have repeatedly exempted the "dangers of fire, falling from heights, and water," explaining that even young children generally comprehend their attendant risks. *Id.* *See also, Wells v. Landmark Am. Corp.,* 221 Ga. App. 33, 34, 470 S.E. 2d 711, 712 (1996)(refusing to apply the attractive nuisance doctrine to a dirt trail or road), and *Jackson v. Real Property Serv. Corp.,* 268 Ga. App. 675, 602 S.E.2d 356 (2004)(holding that a parked car did

8

not pose an *unreasonable* risk of death or bodily harm to children) (emphasis in original). Any danger associated with a mound of dirt would seem to fall within the category of commonplace risks, not covered by the attractive nuisance doctrine.

In addition, it is clear that Melvin was not injured as a result of his failure to appreciate, because of his youth, the danger associated with the dirt mound. Melvin was instead injured as a result of his father's decision to drive him directly onto the dirt mound, in spite of the obvious danger. The attractive nuisance theory only applies to children, not adults. *See Gregory,* 249 Ga. at 154, 289 S.E.2d at 234. *See also, Wever v. Enid State School,* 839 P.2d 672, 673 (Okla. App. 1990)(declining to extend the attractive nuisance doctrine to adults, regardless of their mental capacity). Indeed, a parent who is accompanying a child has a duty to ensure that the child does not go into "a place of obvious danger" on another's property. *Bowers v. Grizzle,* 214 Ga. App. 718, 721, 448 S.E.2d 759, 761 (1994). *See also, Morningstar v. Maynard,* 798 N.E.2d 920, 923 (Ind. App. 2003)("As a matter of law, the presence of [the child's] father precludes the application of the attractive nuisance doctrine.").

Finally, there is no evidence in the record that McLean failed to exercise reasonable care to eliminate any danger created by the dirt mound. It is undisputed that the county put the dirt on

9

McLean's property just a week before the accident.  (McLean Aff. at
¶ 2; Pl.'s Br. at 2.)  When McLean asked the county road crew if he
could use the dirt, the crew instructed him that the county intended
to use it.  (McLean Dep. at 45.)  Thus, it is unclear whether McLean
even believed he was authorized to move the dirt.  In any case, it is
undisputed that McLean posted between 30 and 40 "No Trespassing"
signs along the property frontage, and chained off the roads leading
to his property.  (McLean Dep. at 42-44, 46-47.)  *See Gregory,* 249
Ga. at 155, 289 S.E. 2d at 235 ("the erection of a fence or other
enclosure around a pool is generally held to be all that is required
of a landowner in the exercise of reasonable care").

The parties agree that Melvin and his father were trespassing on
McLean's land at the time of the accident.  Plaintiff has failed to
present any evidence on four of the five requirements to invoke the
attractive nuisance doctrine under Georgia law.  Accordingly,
defendant McLean's motion for summary judgment should be **GRANTED.**

In addition, even if the attractive nuisance doctrine could be
applied to this case, McLean would still not be liable to plaintiff.
Assuming McLean was negligent in failing to remove the dirt mound
from his property, his negligence was not the proximate cause of
Melvin's injury and death.  *See Gray v. Gober,* 185 Ga. App. 624, 626,
365 S.E. 2d 279, 281 (1988)("A proximate cause . . . is such a cause
as  operated  to  produce  particular  consequences  without  the

AO 72A
(Rev.8/82)

intervention of any independent unforeseen cause without which the injuries would not have occurred."). *See also, Jackson,* 268 Ga. App. at 676, 602 S.E.2d at 357 (holding that parked car was not the proximate cause of child's injury). In *Jackson,* the Georgia Court of Appeals noted that a parked car posed no danger to the plaintiff child, "but for the action of [another] child in pulling back the antenna" of the car and releasing it, striking the child in the eye. *Id.* Similarly, the dirt mound on McLean's property posed no danger to Melvin, but for his father's attempt, while intoxicated and on drugs, to drive an ATV over it. *See Johnson v. Rice,* 211 Ga. App. 687, 688, 440 S.E.2d 81 (1994)(finding that plaintiff's injuries "did not flow naturally and directly" from defendant's negligence).

A landowner "is not an insurer of the safety of children." *Gregory,* 249 Ga. at 155, 289 S.E.2d at 235. Even applying the attractive nuisance doctrine, McLean only owed a duty "to exercise reasonable care to prevent *foreseeable* injury." *Gregory,* 249 Ga. at 155, 289 S.E.2d at 235 (emphasis in original). McLean was not required to protect against the "remote and improbable" injury that occurred as a result of Kornegay's reckless and unauthorized operation of an ATV on McLean's property. *Id.* *See also, Cruce v. Kennington,* 220 Ga. App. 49, 50, 467 S.E.2d 227, 230 (1996)("landowner is not required to provide against remote or improbable injuries to children playing upon his land"). For this

11

additional reason, defendant McLean's motion for summary judgment should be **GRANTED**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's Motion for Summary Judgment [114].


SO ORDERED, this ⎯⎯ day of September, 2006.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

12